PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>KAYED BORI and<br>ZAYED BOURI,<br><br>       Defendant. | CASE NO. 2:22-CR-00084 TLN<br><br>STIPULATION AND PROTECTIVE ORDER |

**I.**   **STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants Kayed Bouri and Zayed Bouri by and through their counsel (collectively, the "parties"), hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of the discovery, which contains the personal identifying information and other confidential information of witnesses and third parties. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

**II.**   **PROPOSED PROTECTIVE ORDER**

**A.**   **Protected Materials**

1.   This Order pertains to all discovery materials with Bates numbers BOURI_PM_00000001 or higher in numeric order that contain PII or other confidential third-party

information as defined in paragraph two below (hereafter "Protected Materials").  These materials include the sealed affidavit in support of search warrant and the search warrant that was issued by US Magistrate Judge Kendall J. Newman on April 27, 2017 (EDCA Case No. 2:17-SW-0303 KJN).

2.      For purposes of this Order, the term "Personally Identifying Information" ("PII") includes any information other than the defendant's information within (1) the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), except names, or (2) the definition of an "access device" under 18 U.S.C. § 1029(e)(1).  Confidential third-party information includes (1) Supplemental Nutrition Assistance Program (SNAP) records relating to customers' EBT cards and accounts, (2) electronic and handwritten ledgers that contain notations reflecting SNAP recipients' and (3) any other record specifically identified by the government as containing confidential third-party information.

3.      To the extent that notes are made that memorialize, in whole or in part, the Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.      <u>Defense Team</u>**

4.      For purposes of this Order, the term "Defense Counsel" refers to the defendants' counsel of record.

5.      For purposes of this Order, the term "Defense Team" refers to (1) the defendants' counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) licensed investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

6.      Defense Counsel must provide a copy of this Order to all members of the Defense Team.

a)      Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.  The written

acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

        b)      Members of the defense team who are employees of the Federal Defender's Office who have signed a confidentiality agreement as part of their employment are not required to sign a written acknowledgement.  The confidentiality agreement need not be disclosed or produced to the United States unless ordered by the Court.

**C.**    **Disclosure of Protected Materials**

7.    No person or party shall use any Protected Materials or information derived from the Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever.  The Court specifically authorizes the United States to provide a copy of the sealed affidavit in support of search warrant and the search warrant issued by US Magistrate Judge Kendall J. Newman on April 27, 2017 to the Defense Team in discovery. (EDCA Case No. 2:17-SW-0303 KJN).

8.    The Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

9.    The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials.

10.    The Defendants may review Protected Materials in this case only in the presence of a member of the Defense Team, and their Defense Counsel shall ensure that defendant is never left alone with any Protected Materials.  The defendants may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time.  The defendants must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Material. defendant may not take any Protected Materials out of the room in which he is meeting with the Defense Team.  The defendants may not write down or memorialize any Protected Material.  At the conclusion of any meeting with the defendants, the member of the Defense Team present shall take with him or her

all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendants.

11.     The Defense Team may review the Protected Materials with a witness or potential witness in this case so long as a member of the Defense Team is present while Protected Materials are being shown to the witness.  Before being shown any portion of the Protected Materials, any witness or potential witness must be informed of the requirements of the Protective Order.  A witness or potential witnesses may not copy, keep, maintain, or otherwise possess the Protected Materials or any information derived from the Protected Materials at any time outside the presence of the Defense Team.

12.     This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials, to employees of the United States Department of Justice, including any United States' Attorney's Office, any other federal agencies, law enforcement agencies, the Court, and defense.

13.     Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.     Ensuring Security of Protected Materials**

14.     The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

15.     A copy of the Protective Order must be stored with the Protected Materials, in paper form and electronically.

16.     To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Encryption keys must be stored securely and not written on the storage media that they unlock.

17.     If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**E.     <u>Filings</u>**

18.     In the event that a party needs to file Protected Materials containing PII, or other confidential third party information with the Court, or disclose PII or other confidential third party information in court filings, the filing should be made under seal, or with all PII and other confidential third party information, as defined in paragraph 2, redacted.  The party seeking to file such information shall make all reasonable attempts to avoid the divulging of PII and confidential third-party information. This provision shall not apply to trial exhibits unless they are filed with the Court via ECF.

**F.     <u>Conclusion of Prosecution</u>**

19.     The provisions of this Order shall not terminate at the conclusion of this prosecution.  All Protected Material subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

20.     Upon the latter of the final disposition of the case, including exhaustion of direct and collateral appellate proceedings, or Defense Counsel's document retention requirements, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed.  If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

**G.     <u>Termination or Substitution of Counsel</u>**

21.     In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction

proceedings, for complying with the provisions set forth in Paragraphs 19 and 20 above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H.   Modification of Order

22.   Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I.   Violation of Order

23.   Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

### J.   Application of Laws

24.   Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

25.   Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO STIPULATED

Dated:  May 16, 2022                                         PHILLIP A. TALBERT
                                                                          United States Attorney


                                                                 By:   /s/ HEIKO P. COPPOLA
                                                                          HEIKO P. COPPOLA
                                                                          Assistant United States Attorney

Dated:  May 16, 2022                                          /s/ MALOLM SEGAL
                                                                          MALCOLM SEGAL
                                                                          Counsel for Defendant
                                                                          Kayed Bouri

Dated:  May 16, 2022

                                                                          /s/ THOMAS A. JOHNSON
                                                                          THOMAS A. JOHNSON
                                                                          Counsel for Defendant
                                                                          Zayed Bouri

1                              **FINDINGS AND ORDER**

2          IT IS SO FOUND AND ORDERED

3 Dated: May 18, 2022

4

5

6                        DEBORAH BARNES
                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28